**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISON**

| | | |
|---|---|---|
| RANFERI GUZMAN PEREZ, | ) | CASE NO. 1:26-cv-00962-DAR |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| SECRETARY, U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY, et al. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I.    Introduction

Before the Court is Plaintiff Ranferi Guzman Perez's ("Guzman Perez") Emergency

Motion for Preliminary Injunction. (ECF Doc. 7). This case was referred to me on May 18, 2026

for general pretrial supervision, a Report and Recommended decision on whether venue is proper

in the Northern District of Ohio, and a Report and Recommended decision on Guzman Perez's

Emergency Motion for Preliminary Injunction. (ECF Doc. 8). On May 19, 2026, I ordered

Guzman Perez to file a supplemental brief regarding whether "venue was proper in the Northern

District of Ohio when his immigration hearing is being held in Michigan," and the Government

Defendants ("the Government") to brief the venue question and respond to the Motion. (Non-

document entry of May 19, 2026). I also set a hearing for May 26, 2026 where the parties

appeared and provided oral arguments. (*Id.*; non-document entry of May 26, 2026). After hearing

the arguments of the parties, I recommend that the District Court find that venue is proper in the

Northern District of Ohio but that the Emergency Motion for Preliminary Injunction be denied.

1

## II.    Background

### a.  Writ of Mandamus

On April 23, 2026, Guzman Perez filed a Writ of Mandamus with this Court, asking that it grant a Facilitation of Return Request ("FoRR") pursuant to U.S. Immigration and Customs Enforcement ("ICE") Policy 11061.1 and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1) or in the alternative order the Government to process the FoRR within seven days of the Court's order. (ECF Doc. 1). According to Guzman Perez, he is a "citizen and national of Mexico" who "resided in the U.S. since about 2000 before being removed from the United States in 2025[.]" (*Id.* at ¶ 7). He alleges that his removal order was reopened by the Board of Immigration Appeals on November 24, 2025 after petitioning the court due to his minor, U.S. citizen daughter's diagnosis of "life-threatening lupus[.]" (*Id.*). Following the reopening, Guzman Perez, through counsel, began efforts to secure his return to the U.S. via phone calls and emails. (*Id.* at ¶ 16). After those attempts were unsuccessful, Guzman Perez submitted a FoRR on January 7, 2026 to the ICE Service Desk and was informed that the request was received and pending review. (*Id.* at ¶ 23). In support of his FoRR, Guzman Perez sent additional information, requested expedited service, and continued to contact the ICE Service Desk for updates through at least April 23, 2026. (*Id.* at pp. ¶¶ 27-32). At the time of the Writ, "Defendant's ha[d] failed to act on [Guzman Perez's] request despite the BIA's reopening of the removal order, the case being set for immigration court hearing, Counsel's repeated efforts to communicate with Defendants, and the life threatening and profound suffering of a United States citizen child . . . ." (*Id.* at ¶ 34).

### b.  Emergency Motion for Preliminary Injunction

On May 18, 2026, Guzman Perez filed his Emergency Motion for Preliminary Injunction. (ECF Doc. 7). Guzman Perez seeks injunctive relief via "an order compelling defendants to

2

immediately adjudicate his pending [FoRR] and to facilitate his return to the United States within fourteen (14) days, pending the adjudication of his reopened removal proceedings before the Detroit Immigration Court." (*Id.* at p. 1).

### III. Legal Standard

When considering a preliminary injunction under Federal Rule of Civil Procedure 65, courts consider the same factors considered in determining whether to issue a temporary restraining order. *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) citing *Summit Cnty. Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). The moving party bears the burden of establishing the following four factors: whether (1) the moving party has a strong or substantial likelihood of success on the merits; (2) the moving party will suffer irreparable harm unless injunctive relief is granted; (3) the requested relief will cause substantial harm to others; and (4) injunctive relief is in the public interest. *Id.*; *see also Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). "These factors are not prerequisites but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urb. County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

### IV. Discussion
#### a. Venue

In the absence of a more-specific statutory provision, venue in civil actions is governed by 28 U.S.C. § 1391. In part, that statute provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

3

28 U.S.C. § 1391(e)(1).

Here, Guzman Perez argues that venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(e)(1)(A), (B), and (C). (ECF Doc. 10, p. 2). Specifically, he asserts venue is proper here because "[m]ultiple federal Defendants connected to the challenged conduct reside or perform official duties within this District, substantial events and omissions giving rise to the claims occurred within this District, and Plaintiff resided in this District prior to removal." (*Id.*).

Conversely, the Government argues that venue is proper in the Eastern District of Michigan where Guzman Perez's March 2029 immigration hearing is set to occur. (ECF Doc. 11, p. 13).[1] The Government contends that "[b]ecause Plaintiff's removal case originated in Detroit, the FoRR is directed to ICE's Detroit Field Office, the Eastern District of Michigan is the proper venue, and his reopened removal proceedings are set to occur in Detroit." (*Id.* at p. 14).

I agree with Guzman Perez that venue is proper in the Northern District of Ohio. 28 U.S.C. § 1391(e)(1) is written in the disjunctive meaning only one of the subsections need apply to determine venue is proper in this district. Under 28 U.S.C. § 1391(e)(1)(A), Guzman Perez names the Cleveland ERO Sub-Office Director in their official capacity as a defendant in his complaint. (*See* ECF Doc. 1; Compl. ¶ 11). Because Cleveland is within the Northern District of Ohio, subsection A is satisfied for venue purposes. Under 28 U.S.C. § 1391(e)(1)(B), a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio. Guzman Perez's complaint alleges that beginning in December 2025, his

---

[1] I note that the Government makes its venue arguments pursuant to 28 U.S.C. § 1391(b), which gives the general standard for venue determinations in a civil case. However, I find that 28 U.S.C. § 1391(e) is applicable to this case because that section details the proper considerations "where defendant is [an] officer or employee of the United States" as is the case here. 28 U.S.C. § 1391(e).

counsel began communicating with the Cleveland ERO office in their effort to secure his return to the United States. (*Id.* at ¶¶ 17, 20, 31, 33). Counsel claims she was also instructed to contact the Cleveland office by the ICE Service Desk. (*Id.* at ¶ 30). She was also instructed by the Detroit Field Office that she needed to contact the Cleveland Office. (*Id.* at ¶ 32). While the Complaint does identify several acts or omissions that occurred within the Eastern District of Michigan, the allegations in the complaint make clear that a substantial amount also occurred within this district. Accordingly, I recommend that the District Court find that venue is proper in the Norther District of Ohio.

### b.  Preliminary Injunction

Guzman Perez seeks injunctive relief via "an order compelling defendants to immediately adjudicate his pending [FoRR] and to facilitate his return to the United States within fourteen (14) days, pending the adjudication of his reopened removal proceedings before the Detroit Immigration Court." (ECF Doc. 7, p. 1). Guzman Perez argues that he has a substantial likelihood of success on the merits because ICE Policy 11061.1 "dictates that ICE *will* facilitate the return of an alien if a court or the BIA vacates a removal order and the individual's presence is required for continued adjudication." (*Id.* at p. 6) (emphasis in original). Guzman Perez reads this policy and the APA's mandate that "reviewing courts *shall* compel agency action unlawfully withheld or unreasonably delayed" to demonstrate that he is likely to succeed on the merits of his Writ of Mandamus. (*Id.* citing 5 U.S.C. § 706(1)) (emphasis in original).

Regarding irreparable harm, Guzman Perez argues that "[t]he separation of a parent from a critically ill child constitutes exemplary irreparable harm." (*Id.* at p. 7). He adds that he will also be harmed because he "will lose years of crucial preparation time for a hearing that determines his permanent right to remain in the United States." (*Id.* at p. 8).

As to the third and fourth factors, Guzman Perez argues that the factors merge when the Government is the non-moving party and that "there is no identifiable harm to the government or the public in compelling ICE to perform its administrative duties and follow its own internal Policy Directives." (*Id.* at pp. 8-9 citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Rather "the public interest is profoundly served by ensuring that agencies respect the rulings of quasi-judicial bodies like the BIA and by protecting the health and welfare of vulnerable United States citizen children." (*Id.* at p. 9).

In response, the Government asserts that the request for preliminary injunction before the Court is now moot because an ICE Field Officer processed and ultimately denied Guzman Perez's FoRR on May 21, 2026. (ECF Doc. 11-3). Notwithstanding the assertion of mootness, the Government further argues that the preliminary injunction should be denied. According to the Government, Guzman Perez does not have a likelihood of success on the merits because this Court lacks subject-matter jurisdiction under Mandamus or the APA. (ECF Doc. 11, p. 7).

> Mandamus is only appropriate where a plaintiff has a clear right, the defendants have a clear duty, and there is no adequate remedy at law. *See, e.g., Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011). Here, ICE's Policy Directive explicitly disavows the existence of a clear right, stating: "This Directive is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." ICE Policy Directive 11061.1(8). Since there is no enforceable right here, the Court lacks jurisdiction under mandamus.

(*Id.*). The Government further contends that "the APA prohibits judicial review of agency action if (1) a statute 'precludes judicial review,' or (2) 'the agency action is committed to agency discretion by law'" and that a decision under ICE Policy 11061.1 is within the

6

agency's discretion. (*Id.* quoting 5 U.S.C. § 701(a); *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).[2]

As to the second factor, the Government claims that Guzman Perez's allegation of irreparable injury absent an injunction is speculative because ICE Policy 11061.1 directs the agency to facilitate return "'if the alien's presence is necessary'" for the administrative proceedings and his hearing is not scheduled until March 2029. (*Id.* at p. 12 quoting ECF No. 7-1, 1106.1(2)). Additionally, Guzman Perez cannot demonstrate irreparable harm, in the Government's view, because "the immigration court may and often does 'conduct hearings through video conference to the same extent that he or she may conduct hearings in person'" and his counsel has demonstrated that he can be "aptly represented before [immigration courts] while he remains outside the United States." (*Id.* at quoting 8 C.F.R. § 1003.25). The Government makes no arguments with respect to the third or fourth factors.

Upon review, I agree with the Government and recommend that the Motion for Preliminary Injunction be denied. At the outset, Guzman Perez's request that the FoRR be adjudicated has become moot because ICE denied the request on May 21, 2026. (*See* ECF Doc 11-3). Article III limits the jurisdiction of federal courts to ongoing "cases" and "controversies." *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). In order to invoke that jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The injury attributed to the opposing party and the court's ability to redress it must persist throughout the life of the

---

[2] The Government's brief makes additional arguments related to Guzman Perez's lack of standing. (ECF Doc. 11, p. 10).

case. *Id.* at 477-78 citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). When, for example, the complainant's injury is redressed in some other way or the court loses the ability to redress it due to some intervening act—the case becomes moot and the federal court loses jurisdiction to hear it. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (explaining that a case becomes moot when the issues presented are no longer live or the parties lack a cognizable interest in the outcome). Because Guzman Perez has received the relief requested via his preliminary injunction motion – that ICE process his FoRR – the controversy before the court has expired and thus the issue is moot.

Further, I find that Guzman Perez has not demonstrated a substantial likelihood of success on the merits of his Writ of Mandamus because I believe that the Court is without jurisdiction to hear that issue.

Mandamus jurisdiction in the federal court is governed by 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). It is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011).

Here, the parties argue whether ICE Policy 11061.1 requires mandatory facilitation of return or is a decision left to the discretion of the agency. However, what is abundantly clear from the text of the policy is that it does not create a clear right. The policy states specifically:

> **No Private Right.** This Directive is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable by any party in any administrative, civil, or criminal matter.

(ECF Doc. 7-1, p. 3).

Our sister court in the Eastern District of Michigan has previously recognized that ICE Policy 11061.1 does not create a clear legal right and thus divested it of mandamus jurisdiction in *Ezenabo v. Customs and Border Protection*, 2019 WL 2122951, (E.D. Mich., May 15, 2019). In that case, the *Ezenabo* Court granted the Government's motion to dismiss a writ of mandamus for lack of jurisdiction where the plaintiff requested the court to order ICE to facilitate his return to the United States pursuant to ICE Policy 11061.1. *Ezenabo*, 2019 WL 2122951 at *3. The case before this Court is remarkably similar – Guzman Perez filed a writ of mandamus seeking a court order that requires ICE to facilitate his return to the United States from Mexico. The *Ezenabo* Court found the policy inapplicable because the policy states that its applicability is limited to those that have prevailed before the United States Supreme Court or a U.S. court of appeals, a distinction neither Ezenabo nor Guzman Perez had achieved. *Id.* Upon review, I find that Guzman Perez has not demonstrated a substantial likelihood of success on his writ of mandamus because the policy he relies on does not create a clear legal right to relief.

I acknowledge that no single factor is dispositive of the question of whether to grant a preliminary injunction, however in this case the issue with respect to this Court's

9

jurisdiction to preside over the writ of mandamus weighs heavily in favor of denying the motion.

I also find the second factor weighs in favor of denying the motion. As previously stated, the preliminary injunction issue is now moot because the FoRR has been denied, therefore Guzman Perez will not suffer any irreparable harm absent an injunction because the requested relief – that the government process the FoRR – has already occurred, albeit not in the manner Guzman Perez desired. As to the remaining two factors, I do not find that they weigh in favor of one position or the other given the procedural and factual posture of this case.

### V.     Conclusion

The Government processed the Facilitation of Return Request pursuant to ICE Policy 11061.1 on May 21, 2026, rendering the request for preliminary injunction moot. I therefore recommend denial of the preliminary injunction on this basis. I further recommend denial because the policy explicitly states that it does not create a substantive right, and thus Guzman Perez cannot demonstrate a substantial likelihood of success on the merits through mandamus or the Administrative Procedures Act.

Dated: 6/12/2026

Reuben J. Sheperd
United States Magistrate Judge

---

**OBJECTIONS**

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at \*2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

11